This bill is filed to compel the defendants to comply with restrictions contained in the deeds of conveyance.
The clause in dispute is as follows: "That neither the party of the second part nor its successors or assigns shall or will erect or permit on any portion of the said premises any buildings * * * with a roof of the character or description known as a flat or mansard roof."
One Julius Schaffer started to erect ten dwellings on North Sixteenth street, Bloomfield, New Jersey, and the original bill was filed against him. While the suit was pending Schaffer *Page 603 
altered the roofs of five of these buildings to the satisfaction of complainant. He sold the other five and their present owners are now defendants.
There seems to be no dispute as to the fact that complainant owned, and still owns, a large number of lots in this vicinity; that maps have been made and the property advertised for sale as restricted, and that all deeds for property heretofore sold contain the same restriction as the one under discussion. In other words, it was a neighborhood scheme.
The first point is whether these roofs are flat. This is a matter very largely of fact. Architects were produced who testified that the major part of the roofs is flat. The flat part runs from the rear of the building to a point within four feet of the front wall. At this point there is a peak rising three feet above the flat roof. It does not appear to be adapted to any practical use. Photographs were introduced in evidence which show that the major portion of these roofs is flat. The architects testified that in their opinion the roofs would be considered in their profession as flat. I shall so find. The defendants had notice of these schemes of the restriction against flat roofs. They do not claim they were ignorant of it. It was in the deeds. On this point see Shoyer v. Mermelstein, 93 N.J. Eq. 57.
The second point is that complainant permitted other flat roof houses to be erected in the neighborhood. There is no positive proof that there were other houses in the vicinity with flat roofs. Witnesses for the defendant on this point are vague and uncertain. They say they think there are buildings of this character, they are not sure of their location or exact type. There is no proof that flat roofs were erected by complainant in the neighborhood or with his acquiescence. The fact that one grantee may have violated a restriction does not permit another to do so. In Bridgewater v. Ocean City Railroad Co., 62 N.J. Eq. 276
(at p. 295); affirmed, 63 N.J. Eq. 798, the court said: "That the complainant has lost all rights to enforce the covenant because the association has, within the past three years, wrongfully permitted several buildings to be put on the camp *Page 604 
ground is no excuse for the defendant. No such acquiescence of the complainant is proven as charges him with any liability for the association's breach of the covenant, nor can the defendants, donees of the association, set up the wrong-doing of their donor to protect them against the enforcement of the donor's implied covenant." I do not think, therefore, that this objection can avail them.
The last point is that complainant is guilty of laches. Defendants allege that complainant did not act with proper promptness after learning of the proposed violation that he waited from January until the 1st of April before taking any legal action. Complainant insists that he acted as promptly as possible after ascertaining that the roofs were to be flat. I am inclined to think that complainant acted with reasonable promptness. However, there is another point to be considered in this connection. In Bridgewater v. Ocean Railroad, supra, the court (at p. 292) said: "The defense that the complainant stood by and suffered the defendants to spend their money is dependent upon another incident, and that is that the defendants must, in order to avail themselves of that defense, have acted in ignorance of the complainant's rights upon which they intruded. If a party has notice that he is building on another's lands or in derogation of another's rights he proceeds at his own peril. In such cases it does not lie within him to complain that the other did not object." Vice-Chancellor Fielder says in Laverack
v. Allen, 130 Atl. Rep. 615 (at p. 618): "The defendant did not erect her building in ignorance of the complainant's rights, and, knowing those rights, she proceeded at her peril. It does not now lie with her to complain that the complainant did not object." I do not see how the defendants can succeed on this ground. Counsel for the defendants raise the point of non-injury in their brief. No proof was submitted at the hearing on this point, and I am not at liberty to assume that these violations are not injurious to complainant.
I will advise a decree in accordance with the prayer of complainant's bill. *Page 605